Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------- x
H.R.H PRINCE FAISAL BIN KHALID BIN  : Index No.
ABDULAZIZ AL SAUD,                  :
                                    :
                Plaintiff,          :  COMPLAINT   07601848
                                    :
        v.                          :
                                    :
PIA INVESTMENTS LIMITED, PAKISTAN   :
INTERNATIONAL AIRLINES CORPORATION, :
                                    :
                Defendants.         :
                                    :
-------------------------------------- x



Plaintiff, His Royal Highness Prince Faisal Bin Khalid Bin Abdulaziz Al Saud ("Prince Faisal"), by its undersigned counsel, for its complaint against Defendants PIA Investments Limited (the "Company") and Pakistan International Airlines Corporation ("PIAC"), alleges as follows:

### THE NATURE OF THE ACTION

1.      This is an action for tortious interference with an existing contract; tortious interference with an economic relationship; breach of contract; breach of the implied covenant of good faith and fair dealing; and civil conspiracy. Prince Faisal seeks emergency relief against the Company's imminent redemption of Prince Faisal's shares in the Company. Through the secretive machinations of its controlling shareholder, PIAC, the Company has instigated a forced redemption of Price Faisal's shares in the Company, despite Prince Faisal's notice to the Company and PIAC that he has entered into a valid agreement with a third-party to sell these shares and the expiration of the right of first refusal in regards to these shares. Indeed, rather than buy Prince Faisal's shares according to the terms of the Shareholder's Agreement via

exercise of its right of first refusal, PIAC is attempting, through its control and dominion of the Company, to force a redemption of Prince Faisal's shares for a grossly reduced price.

## THE PARTIES

2. Plaintiff Prince Faisal is a citizen of Saudi Arabia.

3. On information and belief, Defendant Company is a company that was first incorporated under the laws of Shariah and was reorganized under the laws of the British Virgin Islands in 1986 as an international business company. The Company carries on the business of real estate investment. The Company owns and manages, though subsidiaries, several hotels, including the Roosevelt Hotel in Manhattan and the Hotel Scribe in Paris, France.

4. On information and belief, Defendant PIAC is a Pakistani corporation with limited liability formed under the laws of Pakistan. PIAC is the national airlines of Pakistan and owns 99% of the common stock of the Company. It fully exercises dominion and control over the Company and will be the effective sole beneficiary of the impending redemption proceeding.

## BACKGROUND

5. The Company was first incorporated under the laws of Sharjah and was continued into the BVI as an International Business Company under the International Business Companies Act (Cap.291) on December 31, 1986. The Company was automatically re-registered under the BVI Business Companies Act, 2004 on January 1, 2007. On June 30, 1979 the Prince Faisal and PIAC entered into a shareholders agreement so as to regulate their affairs in respect of the Company ("the Shareholders Agreement").

6. The Company originally issued 800,000 shares, with Prince Faisal owning 400,000 shares and PIAC owning 400,000 shares. Prince Faisal presently owns 8,000 shares of 100 Dirhams each par value the Company, representing approximately 1% of the issued share

2

capital of the Company. PIAC is the controlling shareholder of the Company and holds the balance of the issued share capital.

7. Under section 13 of the Shareholders Agreement, Prince Faisal is authorized to sell, transfer, assign or otherwise dispose of his shares in the Company so long was he first gives PIAC written notice of his intention to do so and affords PIAC the right of first refusal at a price and on terms no less favorable than the price and terms at which Prince Faisal can make a bona fide disposition thereof.

8. Indeed, Prince Faisal had exercised his right to sell his shares in the Company in November 2005 under section 13 of the Shareholder's Agreement. On November 18, 2005, Prince Faisal gave notice to PIAC that he had entered into a purchase and sale agreement with a third-party purchaser, RooScri Holdings, LLC, with respect to his 392,000 shares of the Company. As required under the Shareholder's Agreement, Prince Faisal offered his shares to the PIAC at the same price ($67,750,000) and on the same terms and conditions set forth in the purchase and sale agreement with RooScri Holdings, LLC. PIAC exercised its right of first refusal and agreed to purchase these shares, 49% of Prince Faisal's holding.

9. On about March 9, 2007 Prince Faisal gave notice to PIAC that he intended to sell 7200 shares in the Company to Alpha Capital MC Limited ("Alpha") for the amount of $8,600,000. This notice was given in accordance with the rights of pre-emption set out in section 13 of the Shareholders Agreement discussed above.

10. PIAC had sixty days after receipt of the offer in which to accept Prince Faisal's offer. Failure to take respond constituted irrevocable determination by PIAC not to accept. PIAC never responded to Prince Faisal's offer and the sixty days has expired. In fact, rather than permit the sale to proceed, or acquiring the shares as PIAC was entitled to do, PIAC instructed

3

the Company to redeem the Claimant's shares as an end-run around Prince Faisal's shareholder rights.

11. Indeed, on April 24, 2007, a month and a half after Prince Faisal gave notice to PIAC of his intent to sell his shares for over $8 and half million dollars, Prince Faisal received a Notice of Compulsory Redemption of Shares in the Company ("the Company Notice"). The Company Notice was purported to have been served pursuant to section 176 of the British Virgin Islands Business Companies Act, 2004 (as amended) ("the Act").

12. The Company Notice stated that the Company intended to redeem Prince Faisal's shares on May 2, 2007 for the paltry sum of $480,000 (equivalent to roughly $60 per share) – a sum over $8 million dollars less than the amount offered by Alpha to Prince Faisal for his shares. The Company Notice, however, was potentially defective in a number of critical aspects under BVI law.

13. Without waiving his right to contest this redemption as illegal and invalid under both New York and BVI law, Prince Faisal, out of the abundance of caution and in accordance with BVI law, served a notice of dissent in respect of the attempt to redeem his shares on April 27, 2007. The redemption price stated is far less than what the shares are worth, as evidenced by the gross disparity between the Company's stated offer and the outstanding purchase offer by Alpha. No meaningful negotiation regarding the fair market value of the shares has yet occurred. A request was made for the provision of relevant financial and other documentation so that Prince Faisal could reach an informed opinion as to the offer made by PIAC. To date, PIAC has only offered to make available some of the information requested if certain concessions are made by Prince Faisal.

14. Any attempt by the Company to redeem Prince Faisal's shares as stated in the Notice could lead to irreparable damage to Prince Faisal. Unless the Company and PIAC are restrained from redeeming the shares:

   a. The rights that Prince Faisal has as shareholder (including without limitation his rights under Section 13 of the referenced agreement) will be lost.

   b. If the shares are forcibly redeemed, Price Faisal could face significant New York secondary liability for City and State transfer tax liability (exceeding $6 million) that should be borne by the Company's subsidiary (the owner of the real estate) and PIAC. There has been no assurance that either Defendant will make such payment.

   c. The Company, on its own behalf or at its instructions, may take steps to amend the share register.

   d. Prince Faisal is entitled to invoke the mechanism contained in section 179(8) of the Act, which would require the Company to enter into negotiations with a view to agreeing the fair value of Prince Faisal's shares subject to redemption.

15. No known prejudice can be suffered by the Company or PIAC if the injunction is granted.

## FIRST CAUSE OF ACTION
### Tortious Interference with Contractual Relations
### Against All Defendants

16. Plaintiff Prince Faisal repeats and re-alleges prior paragraphs 1-19 of this Complaint as though set forth in full herein.

17. Plaintiff Prince Faisal and Alpha entered into a valid purchase agreement under which Alpha would pay $8,600,000 for 7200 shares of the Company held by Prince Faisal.

5

18. PIAC was given notice and had knowledge of the purchase agreement and its terms between Prince Faisal and Alpha.

19. Rather than lawfully exercise its rights of first refusal under the shareholders' agreement, or permit the sale to proceed, PIAC instead opted to deceitfully exert its dominion and control over the Company and together forced a redemption of Prince Faisal's shares as an end run around his contractual rights with Alpha.

20. PIAC and the Company were aware of the contractual obligations between Prince Faisal and Alpha and have intentionally tried to strip Prince Faisal of the benefit of his bargain with Alpha by forcing him to redeem his shares for a fraction of their worth. PIAC and the Company have interfered intentionally, and Prince Faisal would have sold the shares to Alpha but for the Defendants' interference.

21. Plaintiff Prince Faisal has been damaged and will continue to be damaged by Defendants' conduct.

## SECOND CAUSE OF ACTION
### Tortious Interference with an Economic Relationship
### Against All Defendants

22. Plaintiff Prince Faisal repeats and re-alleges prior paragraphs 1-25 of this Complaint as though set forth in full herein.

23. Plaintiff Prince Faisal and Alpha entered into an economic relationship with Alpha wherein Alpha would purchase 7200 of Prince Faisal's shares of the Company, subject only to PIAC's exercise of its right of first refusal, for the purchase price of $8,600,000.

24. PIAC was given notice and had knowledge of the purchase agreement between Prince Faisal and Alpha.

25. PIAC and the Company were aware of the contractual obligations between Prince Faisal and Alpha and have intentionally tried to strip Prince Faisal of the benefit of his bargain with Alpha by forcing him to redeem his shares for a fraction of their worth. PIAC and the Company have interfered intentionally, and Prince Faisal would have sold the shares to Alpha but for the Defendants' interference.

26. Plaintiff Prince Faisal has been damaged and will continue to be damaged by Defendants' conduct.

### THIRD CAUSE OF ACTION
### Breach of Contract Against PIAC

27. Plaintiff Prince Faisal repeats and re-alleges prior paragraphs 1-30 of this Complaint as though set forth in full herein.

28. PIAC has breached the express terms of the Shareholder's Agreement between the parties by instructing the Company to force a redemption of Prince Faisal's shares in order to avoid its right of first refusal obligations.

29. Plaintiff Prince Faisal has fulfilled his obligations under the Shareholder's Agreement by fully complying with the right of first refusal provision of the agreement and sending notice of the agreement with Alpha to PIAC.

30. Plaintiff Prince Faisal has been damaged and will continue to be damaged by Defendant PIAC's conduct.

### FOURTH CAUSE OF ACTION
### Breach of the Implied Duty of Good Faith and Fair Dealing
### Against PIAC

31. Plaintiff Prince Faisal repeats and re-alleges prior paragraphs 1-34 of this Complaint as though set forth in full herein.

7

32. PIAC bears an implied duty of good faith and fair dealing in connection with, and in the performance of, the Shareholder's Agreement.

33. PIAC has a duty implied as a matter of law to do nothing destructive of Prince Faisal's right to enjoy the fruits of the Shareholder's Agreement and to do everything that the Shareholder's Agreement presupposes will be necessary to accomplish their purposes.

34. PIAC has wielded its discretionary powers under the Shareholder's Agreement in a manner which threatens to defeat the reasonable expectations of Prince Faisal.

35. The parties and the clear terms of the Shareholder's Agreement granted Prince Faisal the authority to sell his shares in the Company to a third party after the expiration of PIAC's right of first refusal period had expired. Because it did not want to pay Prince Faisal the true worth of his shares in the Company as Alpha had contracted to pay ($8,600,000), PIAC has instead sought to block Prince Faisal's right to do so by orchestrating a forced redemption proceeding by the Company.

36. By virtue of its dominion and control of the Company, PIAC arbitrarily, and in a manner inconsistent with the reasonable expectations of the parties, instigated these redemption proceedings which are clearly contrary to the expressed intent of the parties. PIAC did so willfully and in a malicious attempt to evade the legal obligations under the Shareholder's Agreement. Accordingly, PIAC has breached its implied covenant of good faith and fair dealing in fulfilling the purposes of the Shareholder's Agreement.

37. As a result, Prince Faisal has been unable to proceed with his right under Section 13 of the Shareholder's Agreement to sell his shares to a third-party and has been damaged as a result.

## FIFTH CAUSE OF ACTION
**Injunction**

38. Prince Faisal repeats and realleges paragraphs 1 through 41 above, as if set forth here in full.

39. Rather than buy Prince Faisal's shares according to the terms of the Shareholder's Agreement via exercise of its right of first refusal, PIAC is attempting, through its control and dominion of the Company, to force a redemption of Prince Faisal's shares for a grossly reduced price.

40. This forced redemption for a fraction of the share's worth will prevent Prince Faisal from obtaining the benefit of his bargain with Alpha, the third party purchaser of the shares.

41. Plaintiff requests an injunction enjoining Defendants from pursuing the Company's imminent forced redemption of Prince Faisal's shares.

## SIXTH CAUSE OF ACTION
**Civil Conspiracy Against All Defendants**

42. Prince Faisal repeats and realleges paragraphs 1 through 45 above, as if set forth here in full.

43. As alleged above, Defendants have tortiously interfered with Prince Faisal contractual relations and economic relationship.

44. Rather than exercise its right of first refusal to Prince Faisal's shares in the Company, PIAC has attempted to wrest control of his shares by conspiring with the Company to instigate a forced redemption of Prince Faisal's shares for a fraction of their worth.

9

45. The Company has indeed instigated a forced redemption of Prince Faisal's shares in furtherance of it and PIAC's plan to deny Prince Faisal the benefit of his bargain with Alpha, a third party purchaser of his shares.

46. As a result Prince Faisal has been damaged and will continue to be damaged by Defendants' conduct.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff respectfully demands judgment against Defendants as follows:

(a) granting a temporary restraining order and preliminary and permanent injunctions prohibiting defendants, their agents, servants, employees, officers, attorneys, and all other persons in active concert or participation with it, from acting on and/or pursuing the forced redemption of Prince Faisal's shares of the Company;

(b) awarding attorneys' fees, costs, and disbursements in prosecuting this action to the extent permitted by law; and

(c) awarding such other and further relief as this Court deems just and proper.

Dated: June 4, 2007

GIBSON, DUNN & CRUTCHER LLP

By: _____
Mitchell A. Karlan

200 Park Avenue,
47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Plaintiff*

Index No. ___/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

H.R.H PRINCE FAISAL BIN KHALID BIN ABDULAZIZ AL SAUD,

Plaintiff,

v.

PIA INVESTMENTS LIMITED AND PAKISTAN INTERNATIONAL AIRLINES CORPORATION

Defendants

## SUMMONS AND COMPLAINT

GIBSON, DUNN & CRUTCHER LLP

Attorneys for Plaintiff

200 PARK AVENUE
NEW YORK, NY 10166-0193
(212) 351-4000

To _____, Esq.,

Attorney for _____

Due and proper service of a copy of the within is hereby admitted