SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|  |  |  |
|---|---|---|
| | x | |
| H.R.H PRINCE FAISAL BIN KHALID BIN ABDULAZIZ AL SAUD, | : | Index No. 601848/07 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| PIA INVESTMENTS LIMITED, PAKISTAN INTERNATIONAL AIRLINES CORPORATION, | : | |
| | : | |
| Defendants. | : | |
| | x | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## CERTIFICATE OF EXHIBIT "KP1"

I hereby certify that the attached are the documents referred to as exhibit "KP1" in the First Affidavit of Kim Pemberton sworn before me this 18th day of June 2007.


_____
Commissioner For Oaths/Notary Public

# ||| WALKERS

CAYMAN ISLANDS

BRITISH VIRGIN ISLANDS

DUBAI

HONG KONG

JERSEY

LONDON

**BY HAND**

15 June 2007

Our Ref: JPE/H0843.B03749

PIA Investments Limited
c/o Citco BVI Limited
Wickhams Cay 1
P.O. Box 662
Road Town, Tortola
British Virgin Islands

Dear Sirs

**PIA INVESTMENTS LIMITED ("THE COMPANY")**
**SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK**
**PROCEEDINGS NO. 601848/07**

We act on behalf of His Royal Highness Prince Faisal Bin Khalid Bin Abdulaziz Al Saud. We enclose, by way of service upon you, the following documents filed with the Supreme Court of the State of New York, County of New York, in the above proceedings:

1.      Summons dated 4 June 2007; and

2.      Complaint dated 4 June 2007.

Please acknowledge receipt of the above documents by signing the service endorsement on the enclosed duplicate copy of this letter.

Yours faithfully

*Walkers.*

Julie Engwirda
**WALKERS**

Direct Tel: 1 284 852 2205
Direct Fax: 1 284 494 6683
Email: Julie.Engwirda@walkersglobal.com

Served on: PIA INVESTMENTS LIMITED
At: c/o CITCO BVI LIMITED
Served by: KIM PEMBERTON
Date: 15 JUNE 2007
Time: 4:30pm
Received by: *M. Brane*
M. Brane

G:\Users\JPE\Files\Prince Faisal\Correspondence\07.05.02 ltr to Citco.doc

**Walkers**

171 Main Street, PO Box 92, Road Town
Tortola, British Virgin Islands, VG 1110
T +1 284 494 2204 F +1 284 494 5535 www.walkersglobal.com

0001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|  |  |
|---|---|
| H.R.H PRINCE FAISAL BIN KHALID BIN ABDULAZIZ AL SAUD,<br><br>       Plaintiff,<br><br>    v.<br><br>PIA INVESTMENTS LIMITED, PAKISTAN INTERNATIONAL AIRLINES CORPORATION,<br><br>      Defendants. | Index No. 601848/07<br><br>**SUMMONS**<br><br>Date filed:<br><br>NEW YORK<br>COUNTY CLERK'S OFFICE<br><br>ᶠJUN – 4 2007<br><br>NOT COMPARED<br>WITH COPY FILE |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon plaintiff an answer to the Complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after the service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default, in accordance with the complaint herein.

Plaintiff designates New York County as the place of venue. Venue is properly based in this Court pursuant to N.Y. C.P.L.R. § 503(a).

0002

Dated: New York, New York
     June 4, 2007

                           GIBSON, DUNN & CRUTCHER LLP

                   By:_____
                        Mitchell A. Karlan

                        200 Park Avenue,
                        47th Floor
                        New York, New York 10166-0193
                        Telephone: (212) 351-4000
                        Facsimile: (212) 351-4035

                        *Attorneys for Plaintiff*

0003

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

H.R.H PRINCE FAISAL BIN KHALID BIN
ABDULAZIZ AL SAUD,

        Plaintiff,

    v.

PIA INVESTMENTS LIMITED, PAKISTAN
INTERNATIONAL AIRLINES CORPORATION,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. 601848/07

**COMPLAINT**

    Plaintiff, His Royal Highness Prince Faisal Bin Khalid Bin Abdulaziz Al Saud ("Prince

Faisal"), by its undersigned counsel, for its complaint against Defendants PIA Investments

Limited (the "Company") and Pakistan International Airlines Corporation ("PIAC"), alleges as

follows:

### THE NATURE OF THE ACTION

    1.    This is an action for tortious interference with an existing contract; tortious

interference with an economic relationship; breach of contract; breach of the implied covenant of

good faith and fair dealing; and civil conspiracy. Prince Faisal seeks emergency relief against

the Company's imminent redemption of Prince Faisal's shares in the Company. Through the

secretive machinations of its controlling shareholder, PIAC, the Company has instigated a forced

redemption of Price Faisal's shares in the Company, despite Prince Faisal's notice to the

Company and PIAC that he has entered into a valid agreement with a third-party to sell these

shares and the expiration of the right of first refusal in regards to these shares. Indeed, rather

than buy Prince Faisal's shares according to the terms of the Shareholder's Agreement via

exercise of its right of first refusal, PIAC is attempting, through its control and dominion of the Company, to force a redemption of Prince Faisal's shares for a grossly reduced price.

## THE PARTIES

2.    Plaintiff Prince Faisal is a citizen of Saudi Arabia.

3.    On information and belief, Defendant Company is a company that was first incorporated under the laws of Shariah and was reorganized under the laws of the British Virgin Islands in 1986 as an international business company. The Company carries on the business of real estate investment. The Company owns and manages, though subsidiaries, several hotels, including the Roosevelt Hotel in Manhattan and the Hotel Scribe in Paris, France.

4.    On information and belief, Defendant PIAC is a Pakistani corporation with limited liability formed under the laws of Pakistan. PIAC is the national airlines of Pakistan and owns 99% of the common stock of the Company. It fully exercises dominion and control over the Company and will be the effective sole beneficiary of the impending redemption proceeding.

## BACKGROUND

5.    The Company was first incorporated under the laws of Sharjah and was continued into the BVI as an International Business Company under the International Business Companies Act (Cap.291) on December 31, 1986. The Company was automatically re-registered under the BVI Business Companies Act, 2004 on January 1, 2007. On June 30, 1979 the Prince Faisal and PIAC entered into a shareholders agreement so as to regulate their affairs in respect of the Company ("the Shareholders Agreement").

6.    The Company originally issued 800,000 shares, with Prince Faisal owning 400,000 shares and PIAC owning 400,000 shares. Prince Faisal presently owns 8,000 shares of 100 Dirhams each par value the Company, representing approximately 1% of the issued share

2

0005

capital of the Company. PIAC is the controlling shareholder of the Company and holds the balance of the issued share capital.

7.    Under section 13 of the Shareholders Agreement, Prince Faisal is authorized to sell, transfer, assign or otherwise dispose of his shares in the Company so long was he first gives PIAC written notice of his intention to do so and affords PIAC the right of first refusal at a price and on terms no less favorable than the price and terms at which Prince Faisal can make a bona fide disposition thereof.

8.    Indeed, Prince Faisal had exercised his right to sell his shares in the Company in November 2005 under section 13 of the Shareholder's Agreement. On November 18, 2005, Prince Faisal gave notice to PIAC that he had entered into a purchase and sale agreement with a third-party purchaser, RooScri Holdings, LLC, with respect to his 392,000 shares of the Company. As required under the Shareholder's Agreement, Prince Faisal offered his shares to the PIAC at the same price ($67,750,000) and on the same terms and conditions set forth in the purchase and sale agreement with RooScri Holdings, LLC. PIAC exercised its right of first refusal and agreed to purchase these shares, 49% of Prince Faisal's holding.

9.    On about March 9, 2007 Prince Faisal gave notice to PIAC that he intended to sell 7200 shares in the Company to Alpha Capital MC Limited ("Alpha") for the amount of $8,600,000. This notice was given in accordance with the rights of pre-emption set out in section 13 of the Shareholders Agreement discussed above.

10.    PIAC had sixty days after receipt of the offer in which to accept Prince Faisal's offer. Failure to take respond constituted irrevocable determination by PIAC not to accept. PIAC never responded to Prince Faisal's offer and the sixty days has expired. In fact, rather than permit the sale to proceed, or acquiring the shares as PIAC was entitled to do, PIAC instructed

3

0006

the Company to redeem the Claimant's shares as an end-run around Prince Faisal's shareholder rights.

11.    Indeed, on April 24, 2007, a month and a half after Prince Faisal gave notice to PIAC of his intent to sell his shares for over $8 and half million dollars, Prince Faisal received a Notice of Compulsory Redemption of Shares in the Company ("the Company Notice"). The Company Notice was purported to have been served pursuant to section 176 of the British Virgin Islands Business Companies Act, 2004 (as amended) ("the Act").

12.    The Company Notice stated that the Company intended to redeem Prince Faisal's shares on May 2, 2007 for the paltry sum of $480,000 (equivalent to roughly $60 per share) – a sum over $8 million dollars less than the amount offered by Alpha to Prince Faisal for his shares. The Company Notice, however, was potentially defective in a number of critical aspects under BVI law.

13.    Without waiving his right to contest this redemption as illegal and invalid under both New York and BVI law, Prince Faisal, out of the abundance of caution and in accordance with BVI law, served a notice of dissent in respect of the attempt to redeem his shares on April 27, 2007. The redemption price stated is far less than what the shares are worth, as evidenced by the gross disparity between the Company's stated offer and the outstanding purchase offer by Alpha. No meaningful negotiation regarding the fair market value of the shares has yet occurred. A request was made for the provision of relevant financial and other documentation so that Prince Faisal could reach an informed opinion as to the offer made by PIAC. To date, PIAC has only offered to make available some of the information requested if certain concessions are made by Prince Faisal.

4

14.    Any attempt by the Company to redeem Prince Faisal's shares as stated in the

Notice could lead to irreparable damage to Prince Faisal. Unless the Company and PIAC are

restrained from redeeming the shares:

a.    The rights that Prince Faisal has as shareholder (including without limitation his

rights under Section 13 of the referenced agreement) will be lost.

b.    If the shares are forcibly redeemed, Price Faisal could face significant New York

secondary liability for City and State transfer tax liability (exceeding $6 million)

that should be borne by the Company's subsidiary (the owner of the real estate)

and PIAC. There has been no assurance that either Defendant will make such

payment.

c.    The Company, on its own behalf or at its instructions, may take steps to amend

the share register.

d.    Prince Faisal is entitled to invoke the mechanism contained in section 179(8) of

the Act, which would require the Company to enter into negotiations with a view

to agreeing the fair value of Prince Faisal's shares subject to redemption.

15.    No known prejudice can be suffered by the Company or PIAC if the injunction is

granted.


### FIRST CAUSE OF ACTION
#### Tortious Interference with Contractual Relations
#### Against All Defendants

16.    Plaintiff Prince Faisal repeats and re-alleges prior paragraphs 1-19 of this

Complaint as though set forth in full herein.

17.    Plaintiff Prince Faisal and Alpha entered into a valid purchase agreement under

which Alpha would pay $8,600,000 for 7200 shares of the Company held by Prince Faisal.

0008

18.     PIAC was given notice and had knowledge of the purchase agreement and its

terms between Prince Faisal and Alpha.

19.     Rather than lawfully exercise its rights of first refusal under the shareholders'

agreement, or permit the sale to proceed, PIAC instead opted to deceitfully exert its dominion

and control over the Company and together forced a redemption of Prince Faisal's shares as an

end run around his contractual rights with Alpha.

20.     PIAC and the Company were aware of the contractual obligations between Prince

Faisal and Alpha and have intentionally tried to strip Prince Faisal of the benefit of his bargain

with Alpha by forcing him to redeem his shares for a fraction of their worth.  PIAC and the

Company have interfered intentionally, and Prince Faisal would have sold the shares to Alpha

but for the Defendants' interference.

21.     Plaintiff Prince Faisal has been damaged and will continue to be damaged by

Defendants' conduct.

### SECOND CAUSE OF ACTION
### Tortious Interference with an Economic Relationship
### Against All Defendants

22.     Plaintiff Prince Faisal repeats and re-alleges prior paragraphs 1-25 of this

Complaint as though set forth in full herein.

23.     Plaintiff Prince Faisal and Alpha entered into an economic relationship with

Alpha wherein Alpha would purchase 7200 of Prince Faisal's shares of the Company, subject

only to PIAC's exercise of its right of first refusal, for the purchase price of $8,600,000.

24.     PIAC was given notice and had knowledge of the purchase agreement between

Prince Faisal and Alpha.

6

25.    PIAC and the Company were aware of the contractual obligations between Prince

Faisal and Alpha and have intentionally tried to strip Prince Faisal of the benefit of his bargain

with Alpha by forcing him to redeem his shares for a fraction of their worth.  PIAC and the

Company have interfered intentionally, and Prince Faisal would have sold the shares to Alpha

but for the Defendants' interference.

26.    Plaintiff Prince Faisal has been damaged and will continue to be damaged by

Defendants' conduct.

### THIRD CAUSE OF ACTION
### Breach of Contract Against PIAC

27.    Plaintiff Prince Faisal repeats and re-alleges prior paragraphs 1-30 of this

Complaint as though set forth in full herein.

28.    PIAC has breached the express terms of the Shareholder's Agreement between the

parties by instructing the Company to force a redemption of Prince Faisal's shares in order to

avoid its right of first refusal obligations.

29.    Plaintiff Prince Faisal has fulfilled his obligations under the Shareholder's

Agreement by fully complying with the right of first refusal provision of the agreement and

sending notice of the agreement with Alpha to PIAC.

30.    Plaintiff Prince Faisal has been damaged and will continue to be damaged by

Defendant PIAC's conduct.

### FOURTH CAUSE OF ACTION
### Breach of the Implied Duty of Good Faith and Fair Dealing
### Against PIAC

31.    Plaintiff Prince Faisal repeats and re-alleges prior paragraphs 1-34 of this

Complaint as though set forth in full herein.

7

0010

32.    PIAC bears an implied duty of good faith and fair dealing in connection with, and in the performance of, the Shareholder's Agreement.

33.    PIAC has a duty implied as a matter of law to do nothing destructive of Prince Faisal's right to enjoy the fruits of the Shareholder's Agreement and to do everything that the Shareholder's Agreement presupposes will be necessary to accomplish their purposes.

34.    PIAC has wielded its discretionary powers under the Shareholder's Agreement in a manner which threatens to defeat the reasonable expectations of Prince Faisal.

35.    The parties and the clear terms of the Shareholder's Agreement granted Prince Faisal the authority to sell his shares in the Company to a third party after the expiration of PIAC's right of first refusal period had expired.  Because it did not want to pay Prince Faisal the true worth of his shares in the Company as Alpha had contracted to pay ($8,600,000), PIAC has instead sought to block Prince Faisal's right to do so by orchestrating a forced redemption proceeding by the Company.

36.    By virtue of its dominion and control of the Company, PIAC arbitrarily, and in a manner inconsistent with the reasonable expectations of the parties, instigated these redemption proceedings which are clearly contrary to the expressed intent of the parties.  PIAC did so willfully and in a malicious attempt to evade the legal obligations under the Shareholder's Agreement.  Accordingly, PIAC has breached its implied covenant of good faith and fair dealing in fulfilling the purposes of the Shareholder's Agreement.

37.    As a result, Prince Faisal has been unable to proceed with his right under Section 13 of the Shareholder's Agreement to sell his shares to a third-party and has been damaged as a result.

8

0011

## FIFTH CAUSE OF ACTION
### Injunction

38.     Prince Faisal repeats and realleges paragraphs 1 through 41 above, as if set forth here in full.

39.     Rather than buy Prince Faisal's shares according to the terms of the Shareholder's Agreement via exercise of its right of first refusal, PIAC is attempting, through its control and dominion of the Company, to force a redemption of Prince Faisal's shares for a grossly reduced price.

40.     This forced redemption for a fraction of the share's worth will prevent Prince Faisal from obtaining the benefit of his bargain with Alpha, the third party purchaser of the shares.

41.     Plaintiff requests an injunction enjoining Defendants from pursuing the Company's imminent forced redemption of Prince Faisal's shares.

## SIXTH CAUSE OF ACTION
### Civil Conspiracy Against All Defendants

42.     Prince Faisal repeats and realleges paragraphs 1 through 45 above, as if set forth here in full.

43.     As alleged above, Defendants have tortiously interfered with Prince Faisal contractual relations and economic relationship.

44.     Rather than exercise its right of first refusal to Prince Faisal's shares in the Company, PIAC has attempted to wrest control of his shares by conspiring with the Company to instigate a forced redemption of Prince Faisal's shares for a fraction of their worth.

9

0012

45.   The Company has indeed instigated a forced redemption of Prince Faisal's shares in furtherance of it and PIAC's plan to deny Prince Faisal the benefit of his bargain with Alpha, a third party purchaser of his shares.

46.   As a result Prince Faisal has been damaged and will continue to be damaged by Defendants' conduct.

### DEMAND FOR RELIEF

WHEREFORE, plaintiff respectfully demands judgment against Defendants as follows:

(a)   granting a temporary restraining order and preliminary and permanent injunctions prohibiting defendants, their agents, servants, employees, officers, attorneys, and all other persons in active concert or participation with it, from acting on and/or pursuing the forced redemption of Prince Faisal's shares of the Company;

(b)   awarding attorneys' fees, costs, and disbursements in prosecuting this action to the extent permitted by law; and

(c)   awarding such other and further relief as this Court deems just and proper.

Dated:  June 4, 2007

GIBSON, DUNN & CRUTCHER LLP

By: _____
      Mitchell A. Karlan

      200 Park Avenue,
      47th Floor
      New York, New York 10166-0193
      Telephone: (212) 351-4000
      Facsimile: (212) 351-4035

      *Attorneys for Plaintiff*

0013