UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
H.R.H PRINCE FAISAL BIN KHALID BIN :
ABDULAZIZ AL SAUD, :
:
        Plaintiff, :
: 07 Civ. 5603 (NRB)(HBP)
  v. :
:
PIA INVESTMENTS LIMITED, PAKISTAN :
INTERNATIONAL AIRLINES CORPORATION, :
:
        Defendants. :
:
------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL ARBITRATION OR DISMISS THE COMPLAINT**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Plaintiff*

July 16, 2007

## TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | ARGUMENT | | 1 |
|   | A. | Defendants Are In Default | 1 |
|   | B. | Defendants Are Not Entitled to *Forum Non Conveniens* Dismissal Because They Have Failed To Establish The BVI Is An Adequate Alternative Forum. | 3 |
|   | C. | Defendants are Not Entitled to Any Relief on the Motion to Compel Arbitration | 5 |

# TABLE OF AUTHORITIES

Page(s)

CASES

*Bank of America Corp. et al. v. Lemgruber et al.*,
　385 F. Supp. 2d 200 (S.D.N.Y. 2005) .................................................................................... 2

*Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pak.*,
　273 F.3d 241 (2d Cir. 2001) ................................................................................................. 4

*Borden Inc. v. Meiji Milk Products Co., Ltd.*,
　919 F.2d 822 (2d Cir. 1990) ................................................................................................. 3

*Dale v. Banque SCS Alliance S.A.*,
　No. 02 Civ. 3592, 2005 U.S. Dist. LEXIS 20967 (S.D.N.Y. Sept. 22, 2005) ........................... 3

*Dowling v. Hyland Therapeutics Div., Travenol Lab., Inc.*,
　767 F. Supp. 57 (S.D.N.Y. 1991) ........................................................................................... 4

*Fifth & Walnut, Inc. v. Loew's, Inc.*,
　76 F. Supp. 64 (S.D.N.Y. 1948) ............................................................................................. 2

*Hartford Accident & Indem. Co. v. Equitas Reinsurance Ltd.*,
　200 F. Supp. 2d 102 (D. Conn. 2002) ................................................................................... 6

*Haywin Textile Prods., Inc. v. Int'l Fin. Inv. & Commerce Bank Ltd.*,
　137 F. Supp. 2d 431 (S.D.N.Y. 2001) .................................................................................... 4

*ICC Indus. v. Isr. Disc. Bank, Ltd.*,
　170 Fed. Appx. 766 (2d Cir. 2006) ....................................................................................... 4

*Iragorri v. United Techs. Corp.*,
　274 F.3d 65 (2d Cir. 2001) ................................................................................................... 4

*Manela v. Garantia Banking Ltd.*,
　940 F. Supp. 584 (S.D.N.Y. 1996) ......................................................................................... 5

*Manu Intern, S.A. v. Avon Prods., Inc.*,
　641 F.2d 62 (2d Cir. 1981) ................................................................................................... 4

*Marcus v. Frome*,
　275 F. Supp. 2d 496 (S.D.N.Y. 2003) .................................................................................... 6

*Marshall Commodities, Ltd. v. The People's Ins. Co. of China*,
　No. 94 Civ. 9061, 1996 U.S. Dist. LEXIS 17491 (S.D.N.Y. Nov. 26, 1996) ...................... 3, 5

*Mirian Ramirez de Arellano v. Starwood Hotels & Resorts Worldwide, Inc.*,
   448 F. Supp. 2d 520 (S.D.N.Y. 2006) .................................................................. 4

*Monegasque de Reassurances S.A.M. (Monde Re) v. NAK Naftogaz of Ukraine*,
   158 F. Supp. 2d 377 (S.D.N.Y. 2001) .................................................................. 2

*Nationsbank of Florida v. Banco Exterior de Espana*,
   867 F. Supp. 167 (S.D.N.Y. 1994) ....................................................................... 2

*NYP Holdings, Inc. v. Newspaper & Mail Deliverers' Union of New York & Vacinity*,
   2002 U.S. Dist. LEXIS 13151 (S.D.N.Y. Jul. 18, 2002) ...................................... 7

*NYP Holdings, Inc. v. Newspaper and Mail Deliverers' Union of NY and Vicinity*,
   2002 WL 1603145 (S.D.N.Y. Jul. 18, 2002) ........................................................ 3

*Phoenix Aktiengesellschaft v. Ecoplas, Inc.*,
   391 F.3d 433 (2d Cir. 2004) ................................................................................. 6

*Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela*,
   991 F.2d 42 (2d Cir. 1993) ................................................................................... 7

*Tyler v. City of New York*,
   2006 WL 1329753 (E.D.N.Y. May 16, 2003) ..................................................... 3

*Tyler v. New York*,
   No. 05CV3620, 2006 U.S. Dist. LEXIS 29650 (E.D.N.Y. May 16, 2006) .......... 7

*Varnelo v. Eastwind Transp., Ltd.*,
   No. 02 Civ. 2084, 2003 U.S. Dist. LEXIS 1424 (S.D.N.Y. Feb. 3, 2003) ............ 5

*WorldCrisa Corp. v. Armstrong*,
   129 F.3d 71 (2d Cir. 1997) ................................................................................... 7

STATUTES

9 U.S.C. § 203 ................................................................................................................ 2

Defendants' motion to compel arbitration or dismiss the complaint on *forum non conveniens* grounds should be denied.

As the movant on a *forum non conveniens* motion, Defendants bear the burden of establishing an alternative forum that is more convenient to all parties. They have failed to do so, offering only unsupported and conclusory statements that the British Virgin Islands ("BVI") is a more appropriate forum. No witnesses reside in the BVI, none of the material documents is located in the BVI, and the issue at hand is irrelevant to BVI law. Instead, New York, a choice of forum that is entitled to deference, is a much more convenient location for witnesses residing in Pakistan, Saudi Arabia, and Manhattan. Moreover, one of the most substantial assets of PIAIL is located in New York City, the Roosevelt Hotel, which further undercuts Defendants' argument.

A party may not compel arbitration prior to serving a demand for arbitration. Moreover, dismissal would be inappropriate in any case, and a stay of litigation would be the proper procedural outcome if this Court determines arbitration is required.

Finally, Defendants are in default as they have failed without excuse to file a timely answer.

Plaintiff requests that this Court deny Defendants' motion to compel arbitration or dismiss the Complaint. He further requests that Defendants be ordered to answer the complaint as required under the Federal Rules of Civil Procedure.

## I.

## ARGUMENT

**A.    Defendants Are In Default**

Defendants' pending motion does not affect their obligation to file an answer to the complaint. A motion to dismiss for *forum non conveniens* is not made under Rule 12 of the

Federal Rules of Civil Procedure. *See, e.g., Bank of America Corp. et al. v. Lemgruber et al.*, 385 F. Supp. 2d 200, 206 (S.D.N.Y. 2005) ("Rule 12(b)(3) is not the correct vehicle for such a motion because *forum non conveniens* is a separate and discrete doctrine which rests on the 'inherent authority of the federal courts' rather than on any statute or court rules."); *Fifth & Walnut, Inc. v. Loew's, Inc.*, 76 F. Supp. 64, 67 (S.D.N.Y. 1948) (the objection of *forum non conveniens* does not fall under Rule 12).

Rather, the court's authority to dismiss for *forum non conveniens* is one that is inherent. *See Monegasque de Reassurances S.A.M. (Monde Re) v. NAK Naftogaz of Ukraine*, 158 F. Supp. 2d 377, 381 (S.D.N.Y. 2001) (noting that "[t]he power to decline jurisdiction under this doctrine is one that is inherent to the federal court"). Therefore, while a Rule 12 motion would stay a defendant's time to answer, Defendants' instant motion does not affect Defendants' obligation to answer in a timely fashion.

Defendants' motion cannot be viewed as a substitute for an answer. "A motion to dismiss for *forum non conveniens* is not one which can be made in lieu of an answer under the Federal Rules of Civil Procedure." *Nationsbank of Florida v. Banco Exterior de Espana*, 867 F. Supp. 167, 175 (S.D.N.Y. 1994).

Nor is the motion to compel arbitration a motion under Rule 12. Defendants may not aver that that 9 U.S.C. § 203 gives "original subject matter" to this Court – as they did in their Notice of Removal—and then attempt to disclaim subject matter jurisdiction when it is convenient for them to do so. "A court properly dismisses a case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *NYP Holdings, Inc. v. Newspaper and Mail Deliverers' Union of NY and*

*Vicinity*, 2002 WL 1603145 (S.D.N.Y. Jul. 18, 2002) (declining to find that court lacked subject matter jurisdiction when statute expressly granted it such jurisdiction).

Compelling arbitration does not divest the federal court of subject-matter jurisdiction. *Tyler v. City of New York*, 2006 WL 1329753 (E.D.N.Y. May 16, 2003). If the Court concludes it lacks subject-matter jurisdiction following removal, then the proper order is one of remand, not dismissal.

B.  **Defendants Are Not Entitled to *Forum Non Conveniens* Dismissal Because They Have Failed To Establish The BVI Is An Adequate Alternative Forum.**

On a *forum non conveniens* motion, defendant has the burden to demonstrate the existence of an adequate alternative forum. *See Borden Inc. v. Meiji Milk Products Co., Ltd.*, 919 F.2d 822, 828 (2d Cir. 1990). Defendants "bear[] the burden to demonstrate that an adequate alternate forum exists and that the balance of convenience tilts strongly in favor of trial in the foreign forum." *Marshall Commodities, Ltd. v. The People's Ins. Co. of China*, No. 94 Civ. 9061, 1996 U.S. Dist. LEXIS 17491, at *4 (S.D.N.Y. Nov. 26, 1996). Defendants have failed to meet their burden.

Defendants state, without any support whatsoever, that the BVI is a more convenient forum for this action; this proclamation, however, is grossly insufficient and is unsupported by the facts. *See Dale v. Banque SCS Alliance S.A.*, No. 02 Civ. 3592, 2005 U.S. Dist. LEXIS 20967, at *15 (S.D.N.Y. Sept. 22, 2005) (denying motion because defendant did not submit expert testimony that allowed the Court to evaluate the application of Swiss law); *see also Mirian Ramirez de Arellano v. Starwood Hotels & Resorts Worldwide, Inc.*, 448 F. Supp. 2d 520, 527-28 (S.D.N.Y. 2006) (denying *forum non conveniens* motion because defendant submitted no evidence that Spain was an appropriate forum for litigating the critical issue in the case).

3

Defendants' suggestion that their consent to jurisdiction in the BVI is sufficient to establish that the BVI is an adequate alternative forum is wrong. Even if a defendant consents to service and jurisdiction, the court still must undertake a full analysis of the adequacy of the alternative forum. *See Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pak.*, 273 F.3d 241, 247-48 (2d Cir. 2001).

Plaintiff's foreign status is not dispositive on the issue of deference. Residence merely "serve[s] as a proxy for, or indication of, convenience . . . [but does not] necessarily control[] the outcome." *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 74 (2d Cir. 2001). Rather, the Court should evaluate the deference owed to Plaintiff's choice of forum on "a sliding scale based on the conveniences of the situation," *ICC Indus. v. Isr. Disc. Bank, Ltd.*, 170 Fed. Appx. 766, 768 (2d Cir. 2006). Defendants have not met their burden to prove the Southern District of New York is an inconvenient forum.

First, there are no witnesses in the BVI. The Second Circuit has held that identification of witnesses "is generally required for a *forum non conveniens* dismissal." *Haywin Textile Prods., Inc. v. Int'l Fin. Inv. & Commerce Bank Ltd.*, 137 F. Supp. 2d 431, 436 (S.D.N.Y. 2001); *see also Manu Intern, S.A. v. Avon Prods., Inc.*, 641 F.2d 62, 66 (2d Cir. 1981) ("[T]he location of witnesses [is] always a key factor in *forum non conveniens* cases").

Although Defendant PIAIL is organized under the laws of the BVI, its principal place of business is in Pakistan. Complaint, ¶ 3. Further, Defendant PIAC is organized under the laws of Pakistan with its principal place of business in Pakistan, and plaintiff is a Saudia Arabian citizen and resident. Complaint, ¶ 1, 3. Defendants fail to identify a single witness who resides in the BVI. The failure to identify specific witnesses in the proposed alternate forum is grounds for denying a motion to dismiss for forum non conveniens. *See, e.g., Marshall Commodities, Ltd.*,

4

1996 U.S. Dist. LEXIS 17491, at *5-7 (explaining that movant failed to "identify specific witnesses," and did not "submit[] any affidavits that [potential witnesses] would testify" as movant claimed).

Even if there are witnesses in the BVI, "defendants have offered no suggestion as to what [their] testimony might be . . . ." *Manela v. Garantia Banking Ltd.*, 940 F. Supp. 584, 592-93 (S.D.N.Y. 1996). In cases such as this one, where the defendant "fails to identify . . . witnesses or the nature of their testimony," this Court has declined to "base its decision on speculation . . ." *Varnelo v. Eastwind Transp., Ltd.*, No. 02 Civ. 2084, 2003 U.S. Dist. LEXIS 1424, at *12, *90 (S.D.N.Y. Feb. 3, 2003).

Second, New York is convenient to witnesses. Several witnesses, including employees of the Defendants, reside in Pakistan. New York is far more convenient for these witnesses than the BVI. New York also is more convenient than the BVI to Plaintiff's home country of Saudia Arabia.

Third, contrary to Defendants' assertion, New York has a connection to the parties and is the most convenient forum. The most substantial asset of one of the Defendants is located in New York. The Roosevelt Hotel in New York, which is indirectly owned by PIA Investments Limited, is a substantial asset of the company and may prove to be an important subject of the litigation. *See* Declaration of Jin Lee, dated July 16, 2007 ("Lee Decl.") at ¶ 2-4.

### C.     Defendants are Not Entitled to Any Relief on the Motion to Compel Arbitration

A motion to compel arbitration may not be granted unless, at a minimum, the movant has served a demand for arbitration. *See Marcus v. Frome*, 275 F. Supp. 2d 496, 506 (S.D.N.Y. 2003) (where defendant failed to demand arbitration as required by the relevant arbitration clause, court not required to stay the proceedings or compel arbitration). Here, Defendants have

5

"not made an arbitration demand, and therefore, the provisions requiring arbitration of the claims by the plaintiff[] have not yet been triggered." *Id.* at 505.

The Second Circuit has held that 9 U.S.C. § 4 applies in situations such as this. *See, e.g., Phoenix Aktiengesellschaft v. Ecoplas, Inc.*, 391 F.3d 433, 437 (2d Cir. 2004). "Section 4 requires that a party seeking to compel arbitration be 'aggrieved' by the refusal of the adverse party to arbitrate before the aggrieved party may seek an order from the court compelling arbitration." *Hartford Accident & Indem. Co. v. Equitas Reinsurance Ltd.*, 200 F. Supp. 2d 102, 108 (D. Conn. 2002). Because Defendants have not filed a demand for arbitration, Plaintiff could not have refused to arbitrate. In addition, Defendants do not even allege that Plaintiff has "failed, neglected, or refused to arbitrate." *Id.* at 110. Therefore, Defendants' motion must be denied.

Moreover, by failing to bring a demand for arbitration, Defendants have waived their right to arbitrate the disputes. As this Court stated in *Marcus*, "a party's failure to demand arbitration in a timely manner may constitute waiver of the right to arbitrate any covered dispute and requires the party seeking arbitration to continue to litigate the dispute in court." *Id.* at 506.

In any event, Defendants are not entitled dismissal of the complaint. The Second Circuit has held that, upon compelling arbitration, the proper action by the Court is to stay the action, not to dismiss it. *See, e.g., WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997) (court "must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding"); *Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela*, 991 F.2d 42, 45 (2d Cir. 1993) ("[W]here a court is satisfied that a dispute before it is arbitrable, it must stay proceedings").

6

Therefore, Defendants are not entitled to a dismissal of the action. *See Tyler v. New York*, slip op., No. 05CV3620, 2006 U.S. Dist. LEXIS 29650, at *11 (E.D.N.Y. May 16, 2006) ("'A court properly dismisses a case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it,' which cannot be said in this instance.") (quoting *NYP Holdings, Inc. v. Newspaper & Mail Deliverers' Union of New York & Vacinity*, 2002 U.S. Dist. LEXIS 13151 (S.D.N.Y. Jul. 18, 2002)). Rather, Defendants are, at most, entitled to a stay of the action pending their prompt initiation of arbitration proceedings.

\*   \*   \*

For all the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' motion to compel arbitration or dismiss the complaint.

Dated: New York, New York
       July 16, 2007

                              GIBSON, DUNN & CRUTCHER LLP

                              By: _____
                                    Mitchell A. Karlan (MK-4413)

                              200 Park Avenue, 47th Floor
                              New York, New York 10166-0193

                              Telephone: (212) 351-4000
                              Facsimile: (212) 351-4035

                              *Attorneys for Plaintiff*