UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

H.R.H. PRINCE FAISAL BIN KHALID BIN
ABDULAZIZ AL SAUD,

                Plaintiff,

-against-

PIA INVESTMENTS LIMITED, PAKISTAN
INTERNATIONAL AIRLINES CORPORATION,

                Defendants.

07 Civ. 5603 (NRB)(HBP)

---

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION OR TO DISMISS THE COMPLAINT

CHADBOURNE & PARKE LLP
Attorneys for Defendants
30 Rockefeller Plaza
New York, NY  10112
(212) 408-5100

Donald I Strauber (DS-9256)
Phoebe A. Wilkinson (PW-3143)
Matthew I. Kliegman (MK-4962)
    Of Counsel

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

I.     DEFENDANTS' MOTION TO COMPEL ARBITRATION SHOULD BE GRANTED ................................................................................................................ 2

II.    IN THE ALTERNATIVE, DEFENDANTS' MOTION TO DISMISS THE COMPLAINT ON THE GROUND OF *FORUM NON CONVENIENS* SHOULD BE GRANTED .................................................................................... 4

III.   DEFENDANTS ARE NOT IN DEFAULT ............................................................... 8

CONCLUSION ..................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**CASES:**                                                                                                                                                             **Page**

Barney's Inc. v. Isetan of Am. Inc.,
    206 B.R. 336 (Bankr. S.D.N.Y. 1997) ...................................................................9

Bybee v. Oper Der Standt Bonn,
    899 F. Supp. 1217 (S.D.N.Y. 1995) .......................................................................7

Dale v. Banque SCS Alliance S.A.,
    2005 U.S. Dist. LEXIS 20967 (S.D.N.Y. Nov. 26 2005) ........................................6

Degroff v. Mascotech Forming Techs.-Fort Wayne,
    179 F. Supp. 2d 896 (N.D. Ind. 2001) ....................................................................9

Downing v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
    725 F.2d 192 (2d Cir. 1984) ...................................................................................3

Evans v. Hudson Coal Co.,
    165 F.2d 970, 972 (3d Cir. 1948) ...........................................................................9

First Family Fin. Servs. v. Fairley,
    173 F. Supp. 2d 565 (S.D. Miss. 2001) ..................................................................3

Gilstrap v. Radianz Ltd.,
    443 F. Supp. 2d 474 (S.D.N.Y. 2006) ....................................................................5

Gordon v. Long Bay (1980) Ltd.,
    No. 94 Civ. 2141, 1995 U.S. Dist. LEXIS 11721
    (S.D.N.Y. Aug. 16, 1995) .......................................................................................5

Hartford Accident & Indem. Co. v. Equitas Reinsurance Ltd.,
    200 F. Supp.2d 102 (D. Conn. 2002) .....................................................................4

In re Lloyd's Am. Trust Fund Litig.,
    954 F. Supp. 656 (S.D.N.Y. 1997) .........................................................................5

In re Ski Train Fire in Kaprun Austria,
    MDL 1428, 2007 U.S. Dist. LEXIS 44650
    (S.D.N.Y. June 20, 2007) ........................................................................................5

Marcus v. Frome,
    275 F. Supp.2d 496 (S.D.N.Y. 2003) ........................................................................3

PaineWebber Inc. v. Faragalli,
    61 F.3d 1063 (3d Cir. 1995) .....................................................................................3

Piper Aircraft Co. v. Reyno,
    454 U.S. 235 (1981) ..................................................................................................6

Ramirez de Arellano v. Starwood Hotels & Resorts Worldwide, Inc.
    448 F. Supp. 2d 520 (S.D.N.Y. 2006) ......................................................................6

Reineke v. Circuit City Stores, Inc.,
    No. 03 Civ. 3146, 2004 U.S. Dist. LEXIS 3495 (N.D. Ill. 2004) .............................9

Roque v. Applied Materials, Inc.,
    CV-03-1564-ST, 2004 U.S. Dist. LEXIS 10477
    (D. Or. Feb. 20, 2004) ...............................................................................................3

Solieri v. Ferrovie Dello Stato SPA,
    No. 97 Civ. 8844, 1998 U.S. Dist. LEXIS 11201
    (S.D.N.Y. July 23, 1998) ..........................................................................................3

Tyler v. City of New York,
    No. 05 CV 3620, 2006 WL 1329753 (E.D.N.Y. May 16, 2004) ..............................9

Urena v. Am. Airlines, Inc.,
    No. 03 CV 1748, 2004 WL 2212095 (E.D.N.Y. Sept. 16, 2004) .............................9

Valarezo v. Ecuadorian Line, Inc.,
    No. 00 Civ. 6387, 2001 U.S. Dist. LEXIS 8942
    (S.D.N.Y. June 29, 2001) .........................................................................................7

Yung v. Lee,
    160 Fed. Appx. 37 (2d Cir. 2005).............................................................................5

**STATUTES:**

9 U.S.C. § 1 et seq. ...............................................................................................................1

9 U.S.C. § 206......................................................................................................................1

Fed. R. Civ. P. 12........................................................................................................2, 8, 9

Fed. R. Civ. P. 55 ............................................................................................................... 8

Local Rules of the S.D.N.Y. R. 55.2 ................................................................................ 8

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION TO COMPEL
<u>ARBITRATION OR TO DISMISS THE COMPLAINT</u>**

Defendants PIA Investments Limited ("Investments") and Pakistan International Airlines Corporation (the "Airline"), (collectively, "Defendants"), respectfully submit this Reply Memorandum of Law in further support of their motion to compel arbitration pursuant to 9 U.S.C. § 206 and Rule 12(b)(1) of the Federal Rules of Civil Procedure, or to dismiss the Complaint on the ground of *forum non conveniens*.

## <u>PRELIMINARY STATEMENT</u>

In the opening memorandum, Defendants established: (1) that the claims asserted by Plaintiff are all covered by the arbitration clauses set forth in the Shareholders' Agreement dated June 30, 1979 by and between Plaintiff, Investments and the Airline (the "Shareholders' Agreement") and/or the Investments Articles of Association ("Investments AofA") and therefore arbitration should be compelled; and (2) in the alternative, that the Court should dismiss the Complaint on the ground of forum non conveniens because Plaintiff's claims have no connection whatsoever with this forum.

In his opposition memorandum, Plaintiff does not contest the fact that his claims fall squarely within the aforementioned arbitration clauses. Instead, he claims that Defendants' motion to compel is flawed because Defendants were supposedly required to submit a demand for arbitration to Plaintiff prior to moving to compel. However, it is well-settled under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA") that, when a plaintiff files a lawsuit asserting claims covered by an arbitration clause, he has indisputably established his refusal to arbitrate and no such demand is required.

With respect to Defendants' motion to dismiss on the ground of *forum*

*non conveniens*, Plaintiff argues principally that Defendants have failed to meet their burden in establishing that the BVI is an adequate alternative forum. Yet, this case revolves around issues of corporate governance arising under BVI law. Not only is BVI an adequate alternative forum, it is the best forum for resolving such issues.

Finally, Plaintiff makes a baseless argument that Defendants are in default because Defendants have not answered the Complaint. It is well-established that a motion to compel arbitration, as made by Defendants herein, is akin to a Rule 12(b) motion and relieves the Defendants from the obligation to answer.

For the foregoing reasons and those set forth in the opening memorandum, Defendants' motion to compel arbitration should be granted, or, in the alternative, the Complaint should be dismissed on the ground of *forum non conveniens*.

## ARGUMENT

### I.

### DEFENDANTS' MOTION TO COMPEL ARBITRATION SHOULD BE GRANTED

In the opening memorandum, Defendants established that Plaintiff's claims are subject to the broad mandatory arbitration clauses in the Shareholders' Agreement and/or the Investments AofA, and therefore arbitration should be compelled by this Court.[1] (Defs. Mem. at 6-12.) In his opposition memorandum, Plaintiff does not dispute that his claims are subject to these arbitration clauses. Instead, he claims that Defendants' motion to compel should be denied

---

[1] Notwithstanding the instant motion to compel arbitration, Defendants preserve all arguments in defense of Plaintiff's claims of breach of contract, including, inter alia, that the Shareholder's Agreement is no longer in force.

2

because Defendants did not make a formal demand for arbitration prior to filing their motion. (Pl. Mem. at 5-6). Plaintiff's argument has no support whatsoever under the FAA and should be rejected.

There is no requirement under the FAA that defendants in a lawsuit submit a demand for arbitration prior to moving to compel because the commencement of the lawsuit by the plaintiff establishes the plaintiff's refusal to arbitrate. See Solieri v. Ferrovie Dello Stato SPA, No. 97 Civ. 8844, 1998 U.S. Dist. LEXIS 11201, at *13 (S.D.N.Y. July 23, 1998) ("[I]n this Circuit, a party may move to compel arbitration … without filing a demand for arbitration if the other party has proceeded to sue on claims which are arbitrable.") (citing Downing v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 725 F.2d 192, 195 (2d Cir. 1984) (holding that arbitration cannot be compelled unless a party refuses to arbitrate or "commences litigation")); First Family Fin. Servs. v. Fairley, 173 F. Supp. 2d 565, 572 (S.D. Miss. 2001) ("The Court cannot conceive of a more explicit refusal to arbitrate than the bringing of an arbitrable claim in state court that one has contractually agreed to arbitrate."); Roque v. Applied Materials, Inc., CV-03-1564-ST, 2004 U.S. Dist. LEXIS 10477, at *12-13 (D. Or. Feb. 20, 2004) ("[T]he notice and service provision in § 4 of the FAA is unnecessary where the party opposing arbitration has initiated litigation."); PaineWebber Inc. v. Faragalli, 61 F.3d 1063, 1066 (3d Cir. 1995) (holding that the filing of a complaint would have demonstrated an unequivocal refusal to arbitrate). Given that Plaintiff commenced the instant lawsuit, Defendants had no obligation to serve a demand for arbitration prior to making this motion.

The cases cited by Plaintiff do no support his argument. In Marcus v. Frome, 275 F. Supp.2d 496 (S.D.N.Y. 2003), the court declined to compel arbitration where the defendant had failed to issue a demand, but the arbitration clause in that case, as opposed to those at issue

3

herein, <u>specifically stated that arbitration of disputes was not required unless a party made such a demand</u>.  <u>See</u> 275 F. Supp.2d at 505.  In contrast, the arbitration clauses in the Shareholders Agreement and the Investments AofA are mandatory and contain no such demand requirement.  (<u>See</u> Shareholders' Agreement ¶ 16; Investments AofA, Art. 141).  In <u>Hartford Accident & Indem. Co</u>. v. <u>Equitas Reinsurance Ltd</u>., 200 F. Supp.2d 102 (D. Conn. 2002), the <u>plaintiff</u> brought an application to compel arbitration without first issuing a demand to the <u>defendant</u>.  In those circumstances, the court reached the conclusion that the plaintiff was first required to establish defendant's refusal to arbitrate before moving to compel arbitration.  <u>Id</u>. at 108.  In contrast, where, as here, the plaintiff files a lawsuit in flagrant disregard of governing arbitration clauses, no further showing of plaintiff's refusal to arbitrate is required.

       Thus, Defendants' motion to compel arbitration should be granted.[2]

## II.

### IN THE ALTERNATIVE, DEFENDANTS' MOTION TO DISMISS THE COMPLAINT ON THE GROUND OF <u>*FORUM NON CONVENIENS*</u> SHOULD BE GRANTED

       In the opening memorandum, Defendants established that this case has no connection whatsoever with the Southern District of New York and that all of the traditional *forum non conveniens* factors favor dismissal in this case.  (Defs. Mem. at 13-22).  Defendants further

---

[2] Plaintiff points out that Defendants are not entitled to dismissal of the complaint but only a stay pending arbitration.  (Pl. Mem. at 6).  Defendants have never contended otherwise.  Plaintiff is wrong, however, when he states that "Defendants are, at most, entitled to a stay of the action pending their prompt initiation of arbitration proceedings."  (Pl. Mem. at 7).  <u>Defendants</u> are under no obligation to initiate arbitration proceedings.  <u>Plaintiff</u> is required to do so if he wants to pursue his claims.

4

showed that BVI was a perfectly adequate alternative forum, and, in fact, was the most logical place to litigate Plaintiff's claims, given that they would require resolution of issues under the BVI law. (Id.) Plaintiff's half-hearted arguments in opposition to dismissal merit little discussion.

First, Plaintiff argues that Defendants have failed to carry their burden in establishing that the BVI is an adequate alternative forum. (Pl. Mem. at 3-4). To show that a alternative forum is adequate, Defendants need only establish that "defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." Yung v. Lee, 160 Fed. Appx. 37, 41 (2d Cir. 2005); accord In re Ski Train Fire in Kaprun Austria, MDL 1428, 2007 U.S. Dist. LEXIS 44650, at *12-13 (S.D.N.Y. June 20, 2007) (citations omitted). Under this standard, BVI has previously been held to be an adequate alternative forum by a court in this District. Gordon v. Long Bay (1980) Ltd., No. 94 Civ. 2141, 1995 U.S. Dist. LEXIS 11721, at *8 (S.D.N.Y. Aug. 16, 1995). No further showing is required; courts routinely address the adequacy of fora for *forum non conveniens* purposes without requiring the parties to engage in burdensome factual submissions. See e.g, Gilstrap v. Radianz Ltd., 443 F. Supp. 2d 474, 481-482 (S.D.N.Y. 2006) (holding that England is adequate alternative forum); In re Lloyd's Am. Trust Fund Litig., 954 F. Supp. 656, 673 (S.D.N.Y. 1997) (same). This is especially true under the circumstances presented here, where Plaintiff does not even claim that BVI is inadequate, as that term is used in the *forum non conveniens* analysis.

Moreover, Plaintiff's objection to the adequacy of the BVI as an alternative forum is belied by the fact that, in 1997, he commenced litigation against PIAL in the BVI seeking an injunction to stop certain actions being taken with respect to the PIAIL board of directors. (See Exhibit A to the Reply Declaration of Donald I Strauber in further Support of Motion to Compel

5

Arbitration or Dismiss the Complaint).  Obviously, having availed himself of the judiciary of the BVI in the past, Plaintiff has no legitimate concerns regarding the adequacy of the BVI as a forum where his claims can be litigated.

The cases cited by Plaintiff do not stand for the proposition that a greater showing is required in this case.  In Ramirez de Arellano v. Starwood Hotels & Resorts Worldwide, Inc. 448 F. Supp. 2d 520, 528 n.2 (S.D.N.Y. 2006), the court did not conclude that the proposed alternative forum, Spain, was inadequate but instead held that the *forum non conveniens* motion should be denied because the case involved issues of Maryland corporate law which would be better decided by an American court.  If anything, Ramirez supports dismissal here insofar as this case raises issue of BVI law which should be decided by BVI courts.  In Dale v. Banque SCS Alliance S.A., 2005 U.S. Dist. LEXIS 20967 (S.D.N.Y. Nov. 26 2005), the Court held that the defendant had not met his burden to establish Switzerland as an adequate alternative forum but the plaintiff had asserted RICO claims and there was no showing that Switzerland provided an equivalent remedy under a similar statutory scheme.  This is not an issue with respect to the BVI here, insofar as Plaintiff asserts garden variety common law claims raising issues of BVI law.

Second, Plaintiff points out that none of the witnesses in this case will be located in BVI.[3]  (Pl. Mem. at 5).  Yet, Plaintiff fails to mention that New York offers no advantage over BVI in this regard and thus the parties' employees will need to travel even further to testify at

---

[3] The location of witnesses goes to the "private interest" factors of the *forum non conveniens* analysis, not the adequacy of the alternative forum, as argued by Plaintiff.  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6 (1981).

trial if this case is not dismissed. Contrary to Plaintiff's contention, potential witnesses need not be physically located in the proposed alternative forum in order to justify dismissal on the ground of *forum non conveniens*, particularly where, as here, all other factors favor dismissal. See Bybee v. Oper Der Standt Bonn, 899 F. Supp. 1217, 1223 (S.D.N.Y. 1995) (dismissing on *forum non conveniens* grounds despite the fact that the location of witness factors was inconclusive because the remaining private and public interest factors weighed heavily in favor of dismissal); Valarezo v. Ecuadorian Line, Inc., No. 00 Civ. 6387, 2001 U.S. Dist. LEXIS 8942, at *5 (S.D.N.Y. June 29, 2001) ("'A single factor is rarely dispositive' when analyzing either the private or public interest factors.") (citation omitted).

        Third, Plaintiff contends, without citation to any authority or support, that New York is a more convenient location for the parties than the BVI. However, BVI has a fully functional international airport, see http://en.wikipedia.org/wiki/Terrance_B._Lettsome_International_Airport, and the parties can access the BVI as easily as they can access New York. Indeed, as noted above, Plaintiff has once before brought suit against PIAIL in the BVI, and thus it can not be seriously argued that litigating in a forum that he previously selected will be inconvenient for him. Accordingly, Plaintiffs' unsubstantiated claims regarding the convenience of the parties should be accorded no weight.

        Finally, Plaintiff points out that the Roosevelt Hotel, which is indirectly owned by PIAIL, is located in New York. However, Plaintiff's claim that the hotel "may prove to be an important subject of the litigation" is unfounded. Plaintiff's Complaint asserts breach of the Shareholders' Agreement and tortious interference with his contract with Alpha Capital, neither

of which agreements have anything to do with the Roosevelt Hotel.  Furthermore, the affidavit submitted by Plaintiff,[4] attesting to the fact that all Alpha Capital employees familiar with the contract with Plaintiff to sell Plaintiff's shares are located in New York and that that contract with Plaintiff is governed by New York law, is similarly unavailing.  (Pl. Mem. at 5).  The issue presented by Plaintiff's Complaint concerns the propriety under BVI law of Defendants' redemption of Plaintiff's 1% ownership interest in Defendant PIAIL.  Whether the redemption is proper or not has nothing whatsoever to do with the Roosevelt Hotel, the agreement with Alpha Capital, or the fact that Alpha Capital "has an interest in acquiring" the Roosevelt Hotel (Lee Decl. ¶ 2).  Thus, these purported New York connections are irrelevant to the *forum non conveniens* analysis.

Accordingly, Defendants' motion to dismiss on the ground of *forum non conveniens* should be granted.

### III.

### DEFENDANTS ARE NOT IN DEFAULT

Plaintiff asserts in his opposition brief that Defendants are in default because they have not served answers to the Complaint.[5]  (Pl. Mem. at 1-3).  In support of Plaintiff's argument, Plaintiff cites to several decisions standing for the proposition that a motion to dismiss

---

[4] See Declaration of Jin Lee in Support of Plaintiff's Memorandum in Opposition to Defendants' Motion to Compel Arbitration or Dismiss dated July 16, 2007 ("Lee Decl.").

[5] Notably, Plaintiff has not noticed a motion for a default judgment, or complied with Local Rule 55.2, Rule 55(b)(2) of the FRCP, or this Court's individual rules regarding motion practice.

on the ground of *forum non conveniens* does not fall under FRCP Rule 12(b) and therefore does not relieve a party from the duty to answer.  (Id. at 1-2).  Defendants do not dispute this proposition.

By contrast, a motion to compel arbitration has been held by courts across the country to be the equivalent of a motion to dismiss under FRCP 12(b), which relieves a defendant of the duty to answer a complaint.  See Barney's Inc. v. Isetan of Am. Inc., 206 B.R. 336, 341 (Bankr. S.D.N.Y. 1997) ("Defendants are not in default because a motion to stay litigation [pending arbitration] is a pre-answer motion within the scope of Rule 12(b)"); Degroff v. Mascotech Forming Techs.-Fort Wayne, 179 F. Supp. 2d 896, 899 (N.D. Ind. 2001) (a "motion to compel arbitration could . . . be considered under Fed. R. Civ. P. 12(b)(1)"); Urena v. Am. Airlines, Inc., No. 03 CV 1748, 2004 WL 2212095, at *3 (E.D.N.Y. Sept. 16, 2004) (dismissing complaint as to a particular defendant pursuant to Rule 12(b)(1) where it asserted claims which fell "within the exclusive jurisdiction" of arbitration clause of collective bargaining agreement); Reineke v. Circuit City Stores, Inc., No. 03 Civ. 3146, 2004 U.S. Dist. LEXIS 3495, at *2 (N.D. Ill. 2004) ("Courts treat motions to compel arbitration as assertions that they are deprived of subject matter jurisdiction during the course of arbitration"); Evans v. Hudson Coal Co., 165 F.2d 970, 972 (3d Cir. 1948) ("12(b) (1) will authorize the defendant to make an application for a stay pending arbitration if, as a matter of law, the issues presented by the instant suit are referable to arbitration.").  Accordingly, by filing the instant motion to compel arbitration, Defendants are relieved of the duty to answer until that motion is decided.[6]

---

[6]   Tyler v. City of New York, No. 05 CV 3620, 2006 WL 1329753 (E.D.N.Y. May 16, 2004),

(Cont'd on following page)

Nor is there any principled reason to require Defendants to answer the complaint at this point. As noted above, Plaintiff does not even contest that his claims fall within the arbitration clauses of the Shareholders' Agreement and the Investments AofA.

## CONCLUSION

For the foregoing reasons, the Court should compel the parties to arbitrate Plaintiff's claims in London, England. Alternatively, this Court should dismiss this matter in its entirety on the ground of *forum non conveniens*.

July 24, 2007

                                      CHADBOURNE & PARKE LLP

                                      By /s Donald I Strauber
                                            Donald I Strauber (DS-9256)
                                            A Member of the Firm
                                    Attorneys for Defendants PIA Investments
                                        Limited and Pakistan International
                                        Airlines Corporation
                                        30 Rockefeller Plaza
                                        New York, New York  10112
                                        (212) 408-5100

Of Counsel:

Phoebe A. Wilkinson (PW-3143)
Matthew I. Kliegman (MK-4962)

---

(Cont'd from preceding page)

    does not support Plaintiff's argument. That case did not address the issue of whether a party was required to answer a complaint after moving to compel arbitration, but only whether, under the particular facts of that case, the court had subject matter jurisdiction over the action. <u>Id</u> at *2-3.

10