UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

H.R.H PRINCE FAISAL BIN KHALID BIN
ABDULAZIZ AL SAUD,

        Plaintiff,

    v.

PIA INVESTMENTS LIMITED, PAKISTAN
INTERNATIONAL AIRLINES CORPORATION,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

07 Civ. 5603 (NRB)(HBP)


**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
ARBITRATION OR DISMISS THE COMPLAINT**


GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Plaintiff*

December 5, 2007

On November 26, 2007, Prince Faisal filed an amended complaint in this action to reflect the significant shift in the parties' situation since his initial complaint, filed in June of this year. During the passage of time since the original complaint, the position of the parties has materially altered. As described in the initial complaint, Plaintiff originally sought relief from this Court to enjoin Defendants from disrupting a valid agreement with a third-party for the sale of 90% of his shares in PIA Investments Limited (the "Company") by way of a forced redemption for all of his shares in the Company for a fraction of their fair value. Not surprisingly, however, given the duration of time and the uncertainty of the situation in regards to the forced redemption, it is no longer clear that Prince Faisal will be able to close the contract with a third-party. Am. Complaint, ¶ 1.

To preserve his rights against the forced redemption, Prince Faisal sought to implement an appraisal process under BVI law by which the proper value of his shares would be determined. Am. Complaint, ¶ 13. Rather than proceed in a good faith, however, Defendants have instead sought to impede the appraisal process through repeated delay tactics and obfuscation, as they are aware that the appraisal will force them to pay a fair price for 100% of the shares, many millions of dollars in excess of their proposed redemption price, and also will obligate the Defendants to be responsible for millions of dollars of New York State and New York City real estate transfer taxes. Am. Complaint, ¶¶ 1, 21. The Defendants' stonewalling of the appraisal process has, in essence, resulted in the unjust freezing of Prince Faisal's shares in violation of the law. Prince Faisal, in his amended complaint, seeks and order from this Court compelling Defendants to fully engage in the appraisal process, pay the fair value price for 100% of his shares, and bear the consequences of the resulting determination should it prove less advantageous to the Prince than would the closing of his contract. Am. Complaint, ¶¶ 19-21.

1

In recent communications with the Court, Defendants' counsel indicated Defendants' intention to rely again on its *forum non conveniens* argument and the arbitration provisions in the Shareholder's Agreement and the Company's Articles of Association described more fully in their earlier motion to dismiss the original complaint. Prince Faisal, however, disputes the validity of both arguments, particularly in light of the significantly changed circumstances.

Not only are there no witness or documents located in the BVI, as described more fully in Prince Faisal's original response papers, but now the Company's key asset, the Roosevelt Hotel, located in New York City, is at the forefront of the appraisal proceedings. Moreover, since the first complaint, Defendants have indicated a clear intent to waive any arbitration proceeding, instead preferring to allow a court to resolve any disputes that arise from the appraisal process.

Based on these recent events and his prior papers on Defendants' arguments, Prince Faisal requests that this Court deny Defendants' motion to compel arbitration or dismiss the Complaint.

## I.
## ARGUMENT

**A.    Defendants Are Not Entitled to *Forum Non Conveniens* Dismissal Because They Have Failed To Establish The BVI Is An Adequate Alternative Forum.**

On a *forum non conveniens* motion, defendant bears the burden of coming forward and the burden or persuasion to demonstrate the existence of an adequate alternative forum. *See Borden Inc. v. Meiji Milk Products Co., Ltd.*, 919 F.2d 822, 828 (2d Cir. 1990). Defendants "bear[] the burden to demonstrate that an adequate alternate forum exists and that the balance of convenience <u>tilts strongly in favor of trial in the foreign forum</u>." *Marshall Commodities, Ltd. v. The People's Ins. Co. of China*, No. 94 Civ. 9061, 1996 U.S. Dist. LEXIS 17491, at *4 (S.D.N.Y. Nov. 26, 1996)(emphasis added).. Indeed, even if an adequate alternative forum exists, the Court must still balance "a series of factors involving the private interests of the

2

parties in maintaining the litigation in the competing fora and any public interests at stake." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 100 (2d. Cir. 2000). Defendants have failed to meet their burden.

Because the Company's primary asset and the main focus of the valuation assessment will be the Roosevelt Hotel located in midtown Manhattan – the choice of this forum is more necessary and prudent than ever. As the movant on a *forum non conveniens* motion, Defendants bear the burden of establishing an alternative forum that is a more appropriate forum for the parties. They have failed to do so. Not only are no witnesses resident in the BVI, nor any of the material documents located therein, BVI courts are ill-equipped to deal with the complex commercial real estate issues that imbue property valuation in New York.

Indeed, no BVI court has ever overseen an appraisal proceeding under the BVI's Business Companies Act, the governing statute in these appraisal proceedings, much less an appraisal that weighs so heavily on a nuanced understanding of New York City real estate values. In contrast, New York courts have long dealt with similar appraisal issues of New York property and are thus in a unique position to best serve the interests of the parties. Moreover, New York is a much more convenient location for witnesses residing in Pakistan, Saudi Arabia, and Manhattan. Defendants have failed to meet their burden. Not only is it questionable whether a BVI court would be an adequate forum to oversee the appraisal that involves the valuation of a significant piece of complex commercial New York City real estate, but the great weight of the other interests such as location of the parties, the ease of travel to New York and the location of most, if not all, of the pertinent records also greatly favors this Court's forum.

3

B.  **Defendants Have Waived Their Right To Compel Arbitration**

Defendants' grounds for compelling arbitration under the Shareholder's Agreement and the Company's Articles of Association are similarly weakened by the new circumstances and causes of action. First, Defendants have <u>still</u> failed to initiate arbitration proceedings <u>six months</u> after raising the issue (cite to our original brief for cases).

Moreover, as shown in a recent communication with Defendants' London counsel (attached hereto as Ex. A), Defendants have made clear their intention to use the <u>courts</u> to resolve any dispute arising from the appraisal process – <u>not</u> arbitration. For example, in Section 12(b) in their proposed protocol, Defendants assert that a <u>court</u> should be the final arbiter of any disputes that arise among the appraisers: ". . . we should have some sort of certification process whereby in the above scenario the appraisers can certify that a question needs to be determined and then either [Plaintiff] or [Company] can apply to Court to resolve it." Ex. A. at § 12(b). The remaining issue between the parties is not mode of resolution, but rather the correct choice of jurisdiction.

\*       \*       \*

For all the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' motion to compel arbitration or dismiss the complaint.

Dated: New York, New York
December 5, 2007

                                        GIBSON, DUNN & CRUTCHER LLP

                                        By: _____
                                              Mitchell A. Karlan (MK-4413)

                                        200 Park Avenue, 47th Floor
                                        New York, New York 10166-0193

                                        Telephone: (212) 351-4000
                                        Facsimile: (212) 351-4035

                                        *Attorneys for Plaintiff*