UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H.R.H. PRINCE FAISAL BIN KHALID BIN ABDULAZIZ AL SAUD,<br><br>                                   Plaintiff,<br><br>           -against-<br><br>PIA INVESTMENTS LIMITED, PAKISTAN INTERNATIONAL AIRLINES CORPORATION,<br><br>                                   Defendants. | 07 Civ. 5603 (NRB)(HBP) |

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION TO COMPEL
<u>ARBITRATION OR DISMISS THE COMPLAINT</u>**

CHADBOURNE & PARKE LLP
Attorneys for Defendants
30 Rockefeller Plaza
New York, NY  10112
(212) 408-5100

Donald I Strauber (DS-9256)
Phoebe A. Wilkinson (PW-3143)
Matthew I. Kliegman (MK-4962)
        Of Counsel

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION TO COMPEL
ARBITRATION OR DISMISS THE COMPLAINT**

Defendants PIA Investments Limited ("Investments") and Pakistan International Airlines Corporation (the "Airline"), (collectively, "Defendants"), respectfully submit this Supplemental Memorandum of Law in further support of their motion to compel arbitration pursuant to 9 U.S.C. § 206 and Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, in the alternative, to dismiss the Complaint on the ground of *forum non conveniens*.  Although Plaintiff has served what purports to be an Amended Complaint, it neither changes the Complaint in any material way, nor has any impact on Defendants' motion.

**SUMMARY OF AMENDED COMPLAINT'S ALLEGATIONS**

The Amended Complaint asserts the same common law damage claims that were asserted in the original Complaint:  tortious interference with contractual relations; tortious interference with an economic relationship; breach of contract; breach of the implied duty of good faith and fair dealing; and conspiracy.  (Am. Compl. ¶¶ 23-46, 51-55).  Plaintiff seeks equitable relief, as he did in the original complaint (Id. ¶¶ 47-50), although the nature of the relief sought is different (see infra p. 2).  The basic theory of the case remains the same -- Plaintiff contends that Defendants' attempt to redeem Plaintiff's less-than-1% share interest in Investments constitutes a breach of the Shareholders' Agreement among the parties and tortious interference with Plaintiff's contract with a potential buyer of Plaintiff's shares.  (Am. Compl. ¶¶ 1, 5-13).

The only substantive changes to the Amended Complaint are allegations regarding the appraisal of Plaintiff's shares, a process currently being undertaken by the parties in the BVI pursuant to Section 179 of the BVI Business Companies Act.  (Id. ¶¶ 15-22, 48-50).  The Amended Complaint describes negotiations by the parties to determine the appropriate protocol

for the appraisal of Plaintiff's shares and the parties' disagreement about how the appraisal process should be conducted and how the appraisal should be resolved in the event that the appraisers cannot agree on the value of Plaintiff's shares.  (Id. ¶¶ 16-19).  Plaintiff alleges that, because Defendants have not accepted Plaintiff's protocol, Defendants "have refused to proceed with the appraisal proceedings in good faith."  (Id. ¶ 27).  According to the Amended Complaint, Defendants' refusal to accept Plaintiff's protocol constitutes a further breach of the Shareholders' Agreement, and also further supports Plaintiff's tortious interference and conspiracy claims.  (Id. ¶¶ 1, 21, 27-28, 34, 53-54).  Instead of seeking an order from this Court enjoining the redemption of Plaintiff's shares as he did in the original Complaint, Plaintiff now seeks an order from this Court fine-tuning the appraisal process.  (Id., Demand for Relief ¶ (a)).

## ARGUMENT

At the November 30 telephone conference with the Court, Plaintiff's counsel made two arguments as to how the Amended Complaint impacts Defendants' *sub judice* motion. Neither has any merit.

First, Plaintiff's counsel argued that the appraisal process is outside the scope of the arbitration clause set forth in the Investments' Articles of Association.  This is belied by a plain reading of the arbitration clause.  As set forth in the Amended Complaint, the appraisal process being undertaken by the parties is governed by Section 179 of the BVI Business Companies Act (Am. Compl. ¶ 12).  The arbitration clause in the Investments' Articles of Association provides as follows:

> "Whenever any difference arises between [Investments] on the one hand and any of the members or their executors, administrators or assigns on the other hand, <u>touching on the true intent and construction or the incidence or consequences of these Articles or of the [BVI Business Companies] Act,</u> <u>touching anything done or executed, omitted or suffered in pursuance of the Act</u> or touching any breach or alleged breach or otherwise relating to the premises or to these Articles, or to any Act or Ordinance affecting [Investments] or to any

2

> of the affairs of [Investments] such difference shall be referred to arbitration in London by three arbitrators in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce, Paris, and any award or awards rendered in such arbitration shall be final and binding on the parties who shall give full effect thereto."

(Investments AofA, Art. 141) (emphasis added).  Clearly, the parties' current dispute regarding the interpretation of Section 179 "touch[es] on the true intent and incidence or consequences of … the [BVI Business Companies] Act."[1]  Accordingly, Plaintiffs' claims, including the request for equitable relief, is still subject to arbitration.[2]

Second, Plaintiff's counsel contended at the November 30 telephone conference that the BVI courts were not capable of providing the equitable relief Plaintiff seeks in the Amended Complaint and thus BVI was not a "superior" forum for purposes of the *forum non conveniens* analysis.  However, it is unnecessary to evaluate the merits of this dubious proposition because, as the Court noted on the teleconference, Plaintiff's counsel misstated the law.  An alternative forum need not be "superior" for the purposes of the *forum non conveniens* analysis, it need only

---

[1] Plaintiff's counsel's references at the November 30 teleconference to statements made by Defendants' BVI counsel suggesting that the dispute over the appraisal process would require direction from a BVI court are irrelevant.  The arbitration clause set forth above and the one in Shareholders' Agreement govern the parties' relationship.  In light of the instant motion, Plaintiffs have not -- and cannot -- contend that comments in the course of a negotiation constitute a waiver of Defendants' right to arbitration or that Defendants are judicially estopped from asserting that right, or that any other doctrine applies that would relieve Plaintiff from the obligation to arbitrate this dispute.

[2] Of course, even if Plaintiff's argument with respect to the appraisal process had any merit, it would not change the fact that Plaintiffs' damage claims, which all stem from the alleged breach of the Shareholders' Agreement, would be subject to arbitration.  (See Memorandum of Law in Support of Defendants' Motion to Compel Arbitration or Dismiss the Complaint, dated June 28, 2007, pp. 6-12.)  Notably, Plaintiff did not argue in his opposition papers that any portion of the dispute between the parties was outside the scope of the arbitration clauses at issue.

be "adequate". See Monegasque De Reassurances S.A.M. (monde Re) v. Nak Naftogaz of Ukr., 311 F.3d 488, 499 (2d Cir. 2002) ("An alternative forum is ordinarily adequate if the defendants are amenable to service of process there and the forum permits litigation of the subject matter of the dispute."). Moreover, it is well-settled that the fact that an alternative forum may not provide relief identical to a U.S. court does not render an alternative forum inadequate. Do Rosario Veiga v. World Meteorological Org., 486 F. Supp. 2d 297, 303 (S.D.N.Y. 2007) ("the adequate alternative forum requirement of the forum non conveniens doctrine is ordinarily satisfied if . . . the forum permits litigation of the subject matter of the dispute and offers remedies for the wrongs the plaintiff alleges, even if the causes of action and relief provided there are not identical in every respect to the claims the plaintiff demands or redress he seeks in his chosen forum") (emphasis added); Turedi v. Coca Cola Co., 460 F. Supp. 2d 507, 523 (S.D.N.Y. 2006) (same); Lindner Fund, Inc. v. Polly Peck Int'l PLC, 811 F. Supp. 133, 135 (S.D.N.Y. 1992) (rejecting "Plaintiffs' contention that England cannot be considered an adequate forum because it does not provide precisely the same remedies [as the United States]" because "[s]ome inconvenience or the unavailability of beneficial litigation procedures similar to those available in the federal district courts does not render an alternative forum inadequate"); Borden, Inc. v. Meiji Milk Products Co., No. 90 CIV. 5611, 1990 U.S. Dist. LEXIS 12990, *20-21 (S.D.N.Y. Oct. 2, 1990) ("The procedures and remedies available in a Japanese court may not be identical to those available in a U.S. district court, but this does not render Japan an inadequate forum."). Accordingly, Plaintiff's arguments regarding the availability of equitable relief in the BVI are irrelevant to the *forum non conveniens* analysis.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' prior memoranda,

Defendants respectfully request that the Court dismiss this matter in its entirety on the ground of *forum non conveniens*, or compel the parties to arbitrate Plaintiff's claims in London, England.

December 5, 2007

                                      Respectfully submitted,

                                      CHADBOURNE & PARKE LLP

                                      By /s Donald I Strauber
                                                Donald I Strauber (DS-9256)
                                                  A Member of the Firm
                                      Attorneys for Defendants PIA Investments
                                          Limited and Pakistan International
                                          Airlines Corporation
                                      30 Rockefeller Plaza
                                      New York, New York  10112
                                      (212) 408-5100
                                      Email: dstrauber@chadbourne.com

Of Counsel:

Phoebe A. Wilkinson (PW-3143)
Matthew I. Kliegman (MK-4962)