```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
H.R.H. PRINCE FAISAL BIN KHALID BIN
ABDULAZIZ SAUD,
                                          MEMORANDUM and
                     Plaintiff,           ORDER

          - against -                     07 Civ. 5603
                                              (NRB)
PIA INVESTMENTS LIMITED, PAKISTAN
INTERNATIONAL AIRLINES CORPORATION,

                     Defendants.
------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff, Prince Faisal Bin Khalid Bin Abdulaziz Saud, of the Saudi Arabian royal family, commenced this action against the defendants, PIA Investments Limited (PIA) and Pakistan International Airlines Corporation (the "Airline"), after the Airline allegedly interfered with plaintiff's attempt to sell most of his stock in PIA. Before this Court is defendants' motion to compel arbitration or dismiss the case for forum non conveniens. For the reasons set forth below, we grant defendants' motion to dismiss for forum non conveniens.

## BACKGROUND

Plaintiff is a citizen of Saudi Arabia. Amend. Compl. ¶ 2. PIA is a corporation organized under the laws of the British Virgin Islands with its principal place of business

1

in Pakistan. Rezvi Decl. in Supp. of Defs. Mot. to Compel Arbitration or Dismiss ¶ 2. PIA owns various hotels around the world, including the Roosevelt Hotel in New York City. Amend. Compl. ¶ 3. The Airline is a Pakistani corporation with its principal place of business in Pakistan as well. Farookee Decl. in Supp. of Defs. Mot. to Compel Arbitration or Dismiss ¶ 2. The Airline currently owns 99% of PIA's stock. Amend. Compl. at ¶ 4.

PIA was initially incorporated under the laws of the Emirate of Sharjah in the United Arab Emirates and was re-registered, or "continued," as a British Virgin Islands corporation in 1986. Compl. ¶ 5. Until 2005, plaintiff and the Airline each owned 50% of PIA's stock. Compl. at ¶ 6. Pursuant to a Shareholders' Agreement entered into between the parties in 1979, before selling any of his shares, plaintiff was required to offer the shares to the Airline for purchase on the same terms as plaintiff was offered by the potential buyer. Id. at ¶ 8. In November 2005, plaintiff sold almost his entire stake in PIA to the Airline pursuant to this right of first refusal. In March 2007, plaintiff located a buyer for virtually all of his remaining PIA shares and again offered the Airline the opportunity to purchase the shares from him at the price he had been offered. Id. at ¶ 9.

However, this second transaction was never completed. One and one half months after offering his shares to the Airline, plaintiff received notice from PIA that it was exercising its rights under PIA's Articles of Association and a British Virgin Islands statute to redeem his remaining shares. Id. at ¶ 11-12. The amount offered was millions of dollars less than the amount the third-party buyer had offered. However, plaintiff was not provided with the appraisal upon which PIA's redemption amount was based. Amend. Compl. ¶ 11.

After objecting through counsel to the redemption notice as defective under British Virgin Islands' law, plaintiff instituted this lawsuit, which contains tortious interference, breach of contract, and other claims against PIA and the Airline. At bottom, plaintiff claims that the Airline, the majority shareholder of PIA, tried to obtain the plaintiff's stake in the company for less than fair value by causing PIA to initiate the redemption process.

Defendants response to the complaint was to move to compel arbitration under the arbitration clauses of the Shareholders' Agreement and PIA's Articles of Association or, in the alternative, to dismiss the action for forum non conveniens because of the lack of relationship of the parties and the dispute to New York.

While the motion was pending, the parties undertook negotiations aimed at valuing the plaintiff's shares. Under Section 179 of the British Virgin Island Business Companies Act, a dissenting shareholder has a right to an appraisal to determine the value of its shares. See Amend. Compl. ¶ 12 (discussing Section 179 of the British Virgin Islands Business Companies Act). Apparently, despite negotiations and various proposals, the parties could not agree on a "protocol" which is required to guide the appraisal process. Id. at ¶¶ 18-19. Thus, while defendants' motion was pending, plaintiff filed an amended complaint, which in addition to the causes of action stated in the original complaint, seeks "emergency relief ordering Defendants to engage in the appraisal process of, and pay for, all of [plaintiff's] shares in [PIA], which process has been formally initiated by [PIA]."[1] Id. at ¶ 1.

## DISCUSSION

The Supreme Court recently stated that a "district court has discretion to respond at once to a defendant's forum non conveniens plea, and need not take up first any

---

[1] The parties provided supplemental briefing on this new issue.

other threshold objection."[2] <u>Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.</u>, __ U.S. __, 127 S. Ct. 1184, 1188 (2007). This is because, "the power to decline jurisdiction under this doctrine is one that is inherent to the federal court." <u>Monegasque de Reassurances S.A.M. (Monde Re) v. NAK Naftogaz of Ukraine</u>, 158 F. Supp. 2d 377, 381 (S.D.N.Y. 2001)). Accordingly, we address the <u>forum non conveniens</u> argument at the outset. Of course, if defendants' motion is granted on this ground, we need not reach the arbitration issue.

## I. Forum Non Conveniens

In <u>Sinochem</u>, the Supreme Court described <u>forum non conveniens</u> as "essentially, 'a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined.'". <u>Id.</u> at 1190 (quoting <u>Am. Dredging Co. v. Miller</u>, 510 U.S. 443, 453 (1994)). Under this doctrine, "dismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." <u>Piper Aircraft Co.</u>

---

[2] In <u>Sinochem</u> the "threshold objection[s]" to which the Court referred were lack of subject matter and/or personal jurisdiction arguments.

5

v. Reyno, 454 U.S. 235, 249 (1981). The focus of any forum non conveniens inquiry is "to ensure that the place where a trial is held is convenient, that is, that the forum fits the needs and is suitable to the circumstances of the case." Pollux Holding Ltd. v. Chase Manhattan Bank, 329 F.3d 64, 67 (2d Cir. 2003). The evaluation of a motion to dismiss on grounds of forum non conveniens requires a three-step analysis of: (a) the degree of deference to accord plaintiffs' choice of forum; (b) whether an adequate alternative forum exists; and (c) the balance of private and public interest factors. See id. at 70 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947)); Iragorri v. United Tech. Corp., 274 F.3d 65, 73 (2d Cir. 2001) (en banc).

### A. Degree of Deference

The "first level of inquiry" is "determining whether the plaintiff's choice [of forum] is entitled to more or less deference." Pollux, 329 F.3d at 70 (quoting Iragorri, 274 F.3d at 73). "While any plaintiff's selection of a forum is entitled to deference, that deference increases as the plaintiff's ties to the forum increase." Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 101 (2d Cir. 2000). Therefore, "when a foreign plaintiff sues in a United States forum such choice is entitled to less deference

6

because one may not easily presume that choice is convenient." Pollux, 329 F.3d at 71; see Iragorri, 274 F.3d at 71; see Varnelo v. Eastwind Transport, Ltd., 02 Civ. 2084 (KMW), 2003 WL 230741, at *12 (S.D.N.Y. Feb. 3, 2003) ("Foreign plaintiffs deserve less deference, not because they lack U.S. citizenship, but simply because their overseas residence vitiates any presumption that they would find the U.S. forum convenient."). In such cases, "it is more likely that forum-shopping for a higher damage award or for some other litigation advantage was the motivation for plaintiff's selection." Pollux, 329 F.3d at 71.

In this case, plaintiffs' choice of forum merits little deference. Plaintiff is a citizen and resident of Saudi Arabia and has not demonstrated that he has any connections to New York. See id. (noting that a foreign plaintiff's "bona fide connections" to his chosen forum make dismissal for forum non conveniens less appropriate). The transactions at issue here occurred abroad, as did the alleged wrongdoing on part of the foreign defendants, and the applicable law is foreign as well.

### B.  Adequate Alternative Forum

"To secure dismissal of an action on grounds of forum non conveniens, a movant must demonstrate the availability

7

of an adequate alternative forum." Norex Petroleum Ltd. v. Access Industries, Inc., 416 F.3d 146, 157 (2d Cir. 2005). Generally, this requirement "will be satisfied when the defendant is 'amenable to process' in the other jurisdiction. In rare circumstances, however, where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative. . . ." Aguinda v. Texaco, Inc., 303 F.3d 470, 476-77 (2d Cir. 2002) (quoting Piper, 454 U.S. at 255 n. 22).

Defendants argue that an adequate alternative forum exists in the British Virgin Islands. See Defs. Br. 16. Plaintiff contends that British Virgin Islands courts are "ill-equipped" to handle this dispute by asserting that "no [British Virgin Islands] court has ever overseen an appraisal proceeding under the [British Virgin Islands]'s Business Companies Act, the governing statute in these appraisal proceedings." Pl. Suppl. Br. 3. While we find this unsupported assertion hard to accept, even if it were true, this fact would not render the British Virgin Islands courts inadequate for the purposes of our analysis. To support dismissal for forum non conveniens, the foreign court need not be the best possible court but must simply be capable of litigating the dispute. See Aguinda, 303

F.3d at 476. Having already commenced a lawsuit against PIA regarding the same subject matter in the High Court of Justice of the British Virgin Islands, see Reply Decl. of Donald I. Strauber in Supp. of Mot. to Dismiss Ex. A, plaintiff cannot suggest that the British Virgin Islands courts lack general competency.[3] Plaintiff also does not suggest that the remedies available to the British Virgin Islands courts are unsatisfactory. See Aguinda, 303 F.3d at 476. Thus, coupled with the fact that the Airline would waive any objections to jurisdiction in the British Virgin Islands,[4] Defs. Br. 16, plaintiff's own course of conduct shows that the British Virgin Islands is an adequate alternative forum.

### C. Balance of Private and Public Interest Factors

The final step in the analysis is to weigh the private and public interest factors outlined in Gilbert, 330 U.S. at 508-09.

---

[3] Apart from his pending suit in the British Virgin Islands, we find it noteworthy that the plaintiff invested in British Virgin Islands corporation, agreed that an appraisal process governed by British Virgin Islands law would apply to any redemption dispute, but now contends that the courts of that jurisdiction are inadequate to handle such a dispute.

[4] The other defendant, PIA, is a British Virgin Islands corporation, and we therefore assume that it could not raise any threshold objections to jurisdiction and it has not done so.

9

### 1. Private Interest Factors

Private interest factors to be considered include: "1) the relative ease of access to sources of proof; 2) the convenience of willing witnesses; 3) the availability of compulsory process for attaining the attendance of unwilling witnesses; and 4) the other practical problems that make trial easy, expeditious, and inexpensive." Base Metal Trading SA v. Russian Aluminum, 253 F. Supp. 2d 681, 710 (S.D.N.Y. 2003)(citing Gilbert, 330 U.S. at 508). In applying these factors we "focus on the precise issues that are likely to be actually tried, taking into consideration the convenience of the parties and the availability of witnesses and the evidence needed for the trial of these issues." Monegasque, 311 F.3d at 500 (quoting Iragorri, 274 F.3d at 74).

Defendants argue that the private interest factors favor dismissal because "any potential witnesses and documents in this case will be located in Saudi Arabia, Pakistan and [the British Virgin Islands]." Defs. Br. 17. Plaintiff responds in two ways. First, he asserts that the Roosevelt Hotel, which he claims is "the most substantial asset" of PIA and which would need to be valued as part of the appraisal process, is located in New York. Second, he claims that traveling to New York will be easier for the

10

potential witnesses than traveling to the British Virgin Islands.

Plaintiff's first argument raises a valid point but does not ultimately tip the scale against dismissal with respect to the private interest factors. The Roosevelt Hotel is the only aspect of this case located in New York. While it may be significant to the ultimate appraisal value of plaintiff's shares if such an appraisal occurs, placing undue emphasis on an aspect of remedy is inappropriate given plaintiff's other claims. Despite the newly sought appraisal remedy, the crux of plaintiff's complaint remains that a Pakistani corporation and a British Virgin Islands corporation conspired to harm his financial interests. All of the alleged actions occurred abroad, and there is no reason to suspect that any of the underlying documentation will be found in New York. In addition, plaintiff has not suggested that any witnesses relevant to the fundamental dispute are located in New York.

Plaintiff's argument that it would be more convenient for the witnesses to travel to New York than to the British Virgin Islands deserves little discussion. See Pl. Br. 5. It cannot be disputed that it is not a transportation challenge to travel to the British Virgin Islands. As such, the relative ease of travel from the Middle East to

New York is not significant. In addition, we note that this Court's subpoena power would not extend to witnesses in Pakistan or Saudi Arabia who are unwilling to appear voluntarily. In sum, given that virtually everything and everyone related to this case is located abroad, the private interest factors favor dismissal.

### 2. Public Interest Factors

Public factors to be considered include: "1) court congestion; 2) avoiding difficult problems in conflict of laws and the application of foreign law; 3) the unfairness of imposing jury duty on a community with no relation to the case; and 4) the interest of communities in having local disputes decided at home." Base Metal Trading SA, 253 F. Supp. 2d at 712 (citing Gilbert, 330 U.S. at 509).

In this case, there is no dispute that foreign law governs. PIA's Articles of Association, which now exist under British Virgin Islands law, and a British Virgin Islands statute give rise to the right of redemption plaintiff claims was wrongly used against him. Thus, because British Virgin Islands law will apply, the courts of the British Virgin Islands clearly have a strong interest in interpreting the controlling provisions. See Pollux, 329 F.3d at 76 (dismissing case for forum non conveniens in part because English law would apply); Otor,

2006 WL 2613775, at *5 (finding that dispute that involved French law should be adjudicated by a French court). In addition, the Shareholders Agreement was executed in Sharjah in the United Arab Emirates. Thus, Sharjah may also have an interest in this case. In contrast, New York has no interest in this dispute. Even the appraisal process, which would include a valuation of the Roosevelt Hotel in Manhattan, is to proceed under British Virgin Islands law. This further detracts from plaintiff's argument that the hotel's location supports his choice of forum - it is only relevant to the extent British Virgin Islands law provides for an appraisal. As no other public interest factor implicates this forum, we find that the final part of the analysis also favors dismissal.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss the case for forum non conveniens is granted and the case is dismissed.

**SO ORDERED.**

Dated:   New York, New York
         December 14, 2007

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

13

Copies of the foregoing Order have been mailed on this date to the following:

Mitchell A. Karlan, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
<u>Attorneys for Plaintiff</u>


Donald I. Strauber, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
<u>Attorneys for Defendants</u>